[Civil No. 1066.   Filed March 20, 1909.]

[100 Pac. 794.]

THE NOGALES WATER COMPANY, a Corporation, Defendant and Appellant, v. W. J. NEUMAN, Plaintiff and Appellee.

1. WATER—INSTALLATION OF METER BY WATER COMPANY—"SEPARATE CONSUMERS."—Where a tenant and a subtenant occupied a store building divided by a partition, and each used water separately from the other, each was a "separate consumer" within the meaning of an ordinance providing for the installation of a water meter by the water company for the water consumed by each when demanded by any consumer, and the water company was not required in such case to furnish a meter for their joint use.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Santa Cruz. Frederick S. Nave, Judge. Reversed, with instructions to enter judgment for defendant.

The facts are stated in the opinion.

Selim M. Franklin, for Appellant.

It is held by all authorities that a judgment which is not in accord with and is not warranted by the pleadings is utterly void. Plaintiff in his complaint in the present case alleges that he was of right entitled to have installed and did demand defendant to install a meter to measure the water used by himself as a water consumer. The judgment of the court commands defendant to install a meter to measure the water used by plaintiff and his subtenant in a certain building. This judgment is not based on any allegations in the complaint. There is no allegation in the complaint filed in this case that plaintiff has a subtenant or that the subtenant is a consumer of water. The judgment is not responsive to the issues and awards relief not prayed for by plaintiff. The court had no power or jurisdiction to render such a judgment in this case. *Clark* v. *Clark,* 21 Tex. Civ. App. 371, 51 S. W. 337; *Jansen* v. *Hyde,* 8 Colo. App. 38, 44 Pac. 760; *Reynolds* v. *Stockton,* 43 N. J. Eq. 211, 6 Am. St. Rep. 877, 10 Atl. 385. The judgment of the court must be, in substance or effect, within the issues presented by the pleadings, or it is void and will be reversed on appeal. *Sieberling* v. *Mortinson,* 10 S. D. 644, 75 N. W. 202; *Clemons* v. *Heelan,* 52 Neb. 287, 72 N. W. 270; *Frevert* v. *Henry,* 14 Nev. 191–198.

Frank J. Duffy, for Appellee.

Where there is a conflict of evidence, or where there is any evidence to support the judgment, it will not be disturbed on appeal.

"Findings of fact based on conflicting evidence will not be disturbed on appeal." *California Development Co.* v. *Yuma Valley Union Land & Water Co.,* 9 Ariz. 366, 84 Pac. 88.

"The decision will not be disturbed if there is evidence in the record to sustain it." *McCoy* v. *Brooks,* 9 Ariz. 157, 80 Pac. 365.

"The appellate court will not disturb the findings of the trial court, where there was abundance of evidence to support the findings." *Johnson* v. *Cummings,* 7 Ariz. 60, 60 Pac. 870. "Where a case is tried to the court, and the court makes its findings of fact, such findings will not be disturbed unless there is a substantial failure of the evidence to support the findings." *Miller* v. *Miller,* 7 Ariz. 316, 64 Pac. 415; *Morganthau* v. *King,* 15 Colo. 413, 24 Pac. 1048; *Miller* v. *Potoshinsky,* 1 Colo. App. 32, 27 Pac. 17; *Young* v. *Aguirre,* 90 Cal. 175, 27 Pac. 72.

KENT, C. J.—W. J. Neuman, the appellee, filed his complaint in the court below for a writ of *mandamus* to compel the Nogales Water Company to install a water meter for measuring the water used by Neuman as a water consumer and inhabitant of the town of Nogales. The complaint set forth that Neuman was a consumer of water in Nogales, that he had made demand upon the water company for the installation of a meter, which demand had been refused, and set up an ordinance of the town of Nogales relating to the water company, which ordinance, among other things, provided for certain flat rates for water, graded according to the use to be made, and provided that, when demanded by any water consumer, the company should install a water meter for measuring the water used by such consumer at the meter rate, instead of the flat rate provided by such ordinance. The answer admitted the right of the plaintiff to the installment of a water meter for the water used and to be used by the plaintiff as a consumer, but denied its refusal to install such meter. Upon the trial on the merits, no findings of fact were made by the court below; but a judgment was entered requiring the water company to install for the plaintiff "one water meter to measure the amount of water furnished by the defendant and used by said plaintiff and his subtenant in that certain building situated in Nogales, Santa Cruz county, Arizona, a part of which is now occupied by plaintiff as a photograph gallery and the other part by his subtenant as a grocery store." From this judgment the water company has appealed to this court.

The question for our determination is whether the judgment is supported by the evidence in the case. The evidence discloses that Neuman was the owner of a number of dwelling-

houses, and had made demand upon the water company to install one meter for the service of these several dwelling-houses. The company refused to furnish a single meter for the measurement of the water supplied for all of these dwelling-houses. The court did not grant any relief to Neuman with respect to this; but the matter is not before us, since Neuman has not appealed from the judgment. The greater portion of the evidence taken at the trial, however, related to the question of the installment of a meter for these dwelling-houses. In addition to this Neuman claimed that he had demanded of the water company the installment of a meter for use on his business premises, and on this issue the court awarded judgment for the installment of the meter as hereinbefore stated. The question of his right to the installment of this particular meter is the only one before us on this appeal.

The evidence of Neuman shows that he was a lessee of the premises in question, and that he sublet one part thereof to a subtenant for a grocery store, he himself using the other portion of the premises in his own business. He testified: That there was a partition dividing the premises in two; that his subtenant paid the water company for the water used by such subtenant, and had paid it ever since his occupancy thereof, and for a year or more; that the demand he made upon the company was a demand for one meter to measure the water supplied both to himself and to the subtenant. And the evidence further shows that the company refused to furnish one meter to measure the water used by both, but offered to furnish a meter to measure the water used by Neuman alone. There is no evidence in the record that there was any contractual arrangement between Neuman and his subtenant under which the former was to furnish water to the latter, nor that the subtenant ever demanded or desired that a meter be furnished to measure the water used by him.

Upon this state of facts we think that the judgment cannot be supported. The complaint prayed for a writ of *mandamus* to compel the installment of a meter for measuring the water used by the plaintiff, Neuman, as a water consumer. The evidence showed that Neuman on his business premises used the water separately and apart from his subtenant, and in a business not connected with that of his subtenant, Neuman and his subtenant each dealing independently with the water

company for the water used and consumed by each. Under the facts in the case, each was a "separate consumer" within the meaning and intent of the ordinance of the town, and the water company owed no duty under such ordinance to furnish a meter for the joint measurement of the water used by them. The trial court was not justified, therefore, in awarding judgment directing the water company to install such joint meter. Further, it appearing from the undisputed evidence in the case that no demand was ever made by Neuman upon the water company for the installment of a meter to measure the water used by him alone, and no refusal ever having been made by the water company to furnish such meter to him, upon the pleadings and the proof judgment should have been rendered for the defendant.

The judgment of the district court is reversed, and the cause remanded to that court, with directions to enter judgment for the defendant.

SLOAN, DOAN, and CAMPBELL, JJ., concur.